SAMUEL L. TRESTER, Appellant, v. THOMAS B. SWAN et al., Appellees.

No. 41823.

JUNE 20, 1933.

Stewart & Reno, for appellant.

Charles W. Bowers and Allen Lynch, for appellees.

MITCHELL, J.—The appellant entered into a contract for the purchase of a Pontiac automobile from the appellee in May, 1929, for the sum of $935, paying $50 in cash, a note for $66, and turning in an Oakland car of the vintage of 1923 as the first payment. He was allowed $189 for the old Oakland car, although the record shows it was not worth that amount. An additional $42 was paid by the appellant. During the months of June and July there seems to have been considerable trouble with the automobile, and at various times the appellant returned it to the appellee's place of business, where the mechanics of the appellee attempted to fix the car, but it was never satisfactory to the appellant. In the latter part of July the appellee met the appellant and told the appellant the mechanics had got the car in good shape. The appellant went to the appellee's place of business and secured the car, drove it out to the fair grounds, and then back to the appellee's garage, and informed the appellee's employee at the garage that the car was still defective, and that he would not accept it, and then handed over the keys. The appellant never took the car out again and made no payments after that time. Thereafter the appellant made several demands for the return of his purchase money, and the appellee refused to return the money, but the appellee did return to the appellant the note of $66 which the appellant had executed to the appellee at the time he purchased the car. This note was returned by mail. The appellee claimed that the appellant voluntarily surrendered the car, and that the appellee did not agree to any rescission of the contract or to a return of the money which the appellant had paid. At the close of the testimony the appellee moved the court to direct a verdict against the appellant and in favor of the appellee on the ground that the evidence affirmatively showed that there was no mutual agreement between the appellant and the appellee for the rescission of the contract. The court sustained the motion for a directed verdict, and judgment was thereon entered against the appellant for the costs; and thus this appeal.

In the case of United Engine Co. v. Junis, reported in 196 Iowa, on page 914, 195 N. W. 606, 607, the court says:

"It is a universal rule that where a party has paid a portion

of the purchase price, and seeks a rescission of the contract he can, in an action for rescission, recover the portion of the purchase price that has so been paid. A demand that he shall be repaid such portion of the purchase price is not an election to claim damages generally, nor does it constitute a waiver of the right to rescind."

Again, in the case of International Harvester Co. v. Tjentland, reported in 181 Iowa, 940, on page 945, 165 N. W. 180, 181, this court said:

"Whatever was done by the defendant in the assertion of his right of rescission was quite informal and apparently without any very definite idea of the exact nature of his right. But on the whole we think his intent and offer to rescind were made clear, and that there was no misunderstanding about it on the part of the plaintiff's agents."

In the case at bar, whatever was done "in the assertion of appellant's right of rescission was quite informal and apparently without any very definite idea of the exact nature of his right." The record shows that there was an informal course of dealing over a period of two or three months following the purchase of the automobile by the appellant from the appellee. The automobile was not satisfactory. The appellee attempted to fix the car, but, whether through his fault or through the fact that the appellant was a difficult man to satisfy, the car was never satisfactory to the appellant, and finally, in the latter part of July or the first of August, the appellant returned the car to the appellee and delivered same to the agent of the appellee, returning the keys, and appellee retained possession of the automobile. The appellant claims that the appellee acquiesced in the position of the appellant, not by an express agreement to repay the appellant the consideration he had paid, but by engaging in a course of conduct which indicated an acquiescence in the appellant's position. The appellant's evidence shows that the car was returned to the appellee. It is his claim that he had talks with the appellee thereafter in which the appellee agreed, according to appellant, to secure a new car for him. The wife of the appellant testified that she talked with the appellee on several occasions, and, on one occasion after the car was delivered by the appellant to the appellee, she says that the appellee told her that he would order them a new car. The appellee

did return to the appellant part of the purchase price, to wit, the $66 note which the appellant had signed and delivered to the appellee at the time the car was purchased. The appellee, of course, denies these conversations, denies that at any time he agreed to repay the money, and claims that there was a voluntary surrender of the car. It seems to us that the record clearly shows a dispute in the facts as to whether or not there was a rescission. This dispute in the facts should have been settled by the jury. It was clearly a jury question, and the lower court erred in not submitting the case to the jury for its determination.

The judgment and decree of the lower court must be, and it is hereby, reversed.—Reversed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.